**Linda Carol MORAN, Plaintiff,**

v.

**David G. MARKER, Defendant.**

Civ. A. No. 94–72998.

United States District Court,
E.D. Michigan,
Southern Division.

May 2, 1995.

Gregory F. Lord, Southfield, MI, for plaintiff Moran.

John H. Dise, G. Gus Morris, Dise & Gurewitz, Detroit, MI, for defendant Marker.

### *ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Linda Carol Moran alleges that defendant David Marker caused two arrest warrants to be issued against her that lacked probable

cause. Plaintiff is also seeking damages for a state law claim of malicious prosecution. Before the court is defendant's motion for summary judgment based upon qualified immunity. For the reasons discussed below, the court will grant defendant's motion.

## I. Background

This action stems from the events surrounding an embezzlement investigation by the Chesterfield Township Police Department involving Ben G. Industries, Inc. ("Ben G."). On May 31, 1991, Robert Stocker and William Brown purchased Ben G. from Summa Harrison Metal Products, Inc. ("Summa"). Ben G. was a subsidiary of Summa. As part of the purchase agreement, the bookkeeper for Summa and all of its subsidiaries, Shirley Gibson, was to stay on until such time as Brown and Stocker got their own bookkeeper. Over the next three months, Brown tried to get bank account records and financial statements from Gibson. Giving various excuses, however, Gibson failed to turn over the requested material. In addition, Brown discovered that Ben G.'s bank account was overdrawn by $81,000.

Based upon this information, Brown, Stocker, and an accountant reviewed Ben G.'s books and discovered that numerous unauthorized checks had been written on the Ben G. account. Relevant to this case are two checks: (1) # 6722, dated June 12, 1991 for $20,000 paid to Belmor Landco, Inc. ("Belmor"); and (2) # 6883, dated August 28, 1991 for $5,000 also paid to Belmor. Neither check had been authorized and Ben G. had no business with Belmor. As a result of these discoveries, Brown and Stocker went to the Chesterfield Township Police Department in October 1991 to report the suspected embezzlement.

Defendant David Marker is a corporal in the Chesterfield police, and he was one of the officers assigned to the Ben G. investigation. As to the two unauthorized checks relevant to this case, defendant discovered that the plaintiff is the president and registered agent of Belmor. She is also an original incorporator of the company and she files the annual reports. She is married to Don Nick who runs the day to day operational affairs of Summa.

During the investigation, defendant reviewed the bank records of the various involved companies. The records showed that the two relevant unauthorized checks were deposited in the Belmor account and were endorsed by Belmor company stamp. The plaintiff is a signatory on the Belmor account, and she is authorized by the bank to obtain credit on behalf of the company.

Defendant's investigation was conducted over the course of eighteen months because of the complexity of the case. The case was complicated by the long paper trail and complex bank records. In the course of the investigation, defendant asked the plaintiff to discuss her involvement with the checks, but she declined to be interviewed based upon the advice of counsel.

At the conclusion of his investigation, defendant presented his findings to the Macomb County Prosecutor's Office. The office authorized defendant to seek two criminal complaints against plaintiff. The first complaint charged her with (1) embezzlement in excess of $100, or larceny by conversion in excess of $100, or larceny over $100; and (2) accessory after the fact because of assistance given to Shirley Gibson, relating to the unauthorized $20,000 check. The second complaint made the same charges, but it related to the check for $5,000.

On March 12, 1993, defendant appeared before Judge Richard Cyrul, a Macomb County district judge, to seek two arrest warrants for the plaintiff based upon the criminal complaints. Following the hearing, Judge Cyrul signed the arrest warrants. Plaintiff was then arrested and arraigned. On May 26, 1993, a preliminary examination was held. At the conclusion of the examination, Judge Cyrul dismissed the charges against the plaintiff.

On July 6, 1994, plaintiff filed this action against defendant seeking damages under 42 U.S.C. § 1983 for violations of her rights under the Fourth and Fourteenth Amendments. Plaintiff claims that defendant lacked probable cause to request the two arrest warrants. Plaintiff later amended her complaint to add a state law claim of malicious prosecution. In his motion, defendant

seeks summary judgment on both of these claims.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue.

As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## III. Analysis

### A. Probable Cause

 Plaintiff alleges that defendant caused two arrest warrants to be issued against her without probable cause in violation of the Fourth and Fourteenth Amendments. In his motion, defendant has raised a defense of qualified immunity. In order to be shielded by qualified immunity, defendant's request for arrest warrants must have been objectively reasonable. *Malley v. Briggs,* 475 U.S. 335, 344–45, 106 S.Ct. 1092, 1097–98, 89 L.Ed.2d 271 (1986). "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, will the shield of immunity be lost." *Id.* (citation omitted). The issue then, is whether "a rea-

sonably well-trained officer in [defendant's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Id.* Law enforcement officials are entitled to qualified immunity "unless the warrant is so lacking in probable cause that no officer of reasonable competence would have concluded that a warrant should issue." *Hutsell v. Sayre,* 5 F.3d 996 (6th Cir1993), *cert. denied,* — U.S. —, 114 S.Ct. 1071, 127 L.Ed.2d 389 (1994).

■ The court finds that the information presented by defendant concerning plaintiff's involvement in the embezzlement scheme was not so lacking in the indicia of probable cause as to render official belief in its existence unreasonable. Although plaintiff is correct in pointing out that the facts relied upon by defendant are merely inferential, the inference in this case is not so insufficient as to ensure that no officer of reasonable competence would have concluded that an arrest warrant should issue. Plaintiff was president of Belmor and was an authorized signatory of Belmor's bank account. There is no dispute that $25,000 in embezzled funds was deposited in the Belmor account from Ben G.'s account. There is also no dispute that Ben G. had no business with Belmor. These facts create, at the very least, a dispute as to the existence of probable cause. And a dispute is all that is needed in order to establish qualified immunity for an official who obtained an arrest warrant. Upon this basis and viewing the facts in a light most favorable to the non-movant, the court concludes that there was arguable probable cause. As a result, defendant is entitled to qualified immunity.

■ Plaintiff also claims that the defendant misled Judge Cyrul during the arrest warrant hearing when defendant stated that the embezzled funds had been deposited in "her account," rather than in "Belmor's account." However, in order to support a section 1983 claim that false information was used to get an arrest warrant, plaintiff must show that the defendant made the false statements knowingly and intentionally or with reckless disregard for the truth. *Salmon v. Schwarz,* 948 F.2d 1131, 1139–41 (10th Cir.1991); *see Franks v. Delaware,* 438 U.S. 154, 171–72, 98 S.Ct. 2674, 2684–85, 57 L.Ed.2d 667 (1978).

■ In this instance, it is not even clear that the phrase "her account" was a false statement. Plaintiff was an authorized signatory of the account and president of the company. Furthermore, plaintiff has failed to show that defendant made the allegedly false statement intentionally or with reckless disregard. In fact, later in the hearing, defendant indicated that the unauthorized checks in this case had either been written to cash or deposited in the bank accounts of subsidiary companies to Summa. Under these circumstances, the court finds that plaintiff has failed to show that defendant intentionally or recklessly made material false statements in support of his request for an arrest warrant.

### B. Malicious Prosecution

In her amended complaint, plaintiff seeks damages for state law malicious prosecution pursuant to the court's supplemental jurisdiction. Because the court will grant defendant's motion for summary judgment on the claim upon which the court's original jurisdiction is based, the court will dismiss the supplemental malicious prosecution claim. 28 U.S.C. § 1367(c)(3).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **GRANTED** as to Count I.

**IT IS FURTHER ORDERED** that Count II of plaintiff's Amended Complaint is **DISMISSED** without prejudice to plaintiff's ability to refile her claim in state court.

**SO ORDERED.**

### *JUDGMENT*

This action came before the Court, Honorable Paul V. Gadola, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered,

**IT IS ORDERED AND ADJUDGED** that the plaintiff take nothing from defendant on

Count I of the Amended Complaint and that Count I be dismissed on the merits.